## TORRUELLA *v.* FERNÁNDEZ.

### Appeal from the District Court of Ponce.

No. 254.—Decided June 18, 1908.

HORSE SUFFERING FROM GLANDERS—EVIDENCE OF DISEASE—APPEAL FROM DECISION OF SUPERINTENDENT OF SANITATION—MANDAMUS.—In *mandamus* proceedings evidence cannot be introduced to show whether or not a horse destroyed on the ground that he was suffering from glanders was really in a sound condition. These matters should be ventilated before the Superior Board of Health and an appeal may be taken within the time allowed by law from the decision of the Superintendent of Sanitation disposing of the matter.

ID.—DUTY OF DISTRICT INSPECTOR TO REPORT TO THE GOVERNOR—ORDER OF THE
SUPERINTENDENT OF SANITATION NOT APPEALED FROM.—No appeal having
been taken to the Superior Board of Health from the order of the Superin-
tendent of Sanitation directing that a horse be destroyed, the allegation of the
district inspector to the effect that the horse destroyed was suffering from
glanders is incontestible, either in the trial court or in this court and, there-
fore, the veterinary inspector was not bound to send to the Governor a report
in regard to the horse which was destroyed.

ID.—HORSE SUBJECTED TO MALLEIN TEST.—Where a horse is subjected to the
Mallein test on suspicion that he is suffering from glanders and subsequently
dies as a consequence of the experiment, the veterinary inspector 'is not
required to send a report of the case to the Governor.

CONSTITUTION—EQUAL PROTECTION BEFORE THE LAW—SECTION EIGHT OF THE ACT
OF MARCH 14, 1907.—The appeal provided for by section eight of the Act of
March 14, 1907, relating to contagious diseases is not a constitutional right
nor is the impossibility to exercise the same a violation of the Constitution
of the United States, and the term of 24 hours granted to every person without
exception in which to take an appeal cannot be assailed on the ground that
a poor man is deprived of the right to equal protection before the law.

ID.—INDEMNITY—HORSES SUFFERING FROM GLANDERS.—The provisions of the law
above cited denying indemnity where a horse is killed for the reason that he
is suffering from a contagious disease does not deprive the owner of the
animal ordered to be killed of his property without due process of law, because
in such a case The People of Porto Rico cannot be held responsible for the
damage caused.

The facts are stated in the opinion.

*Mr. José A. Poventud* for appellant.

The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 10 of the current year Sergio Torruella filed
sworn petition in the District Court of Ponce, alleging that
while he was the owner of a team of carriage horses valued
at $300 each, Elias P. Fernández, the veterinary inspector of
the southern district, had on the 27th of the preceding month
of January ordered one of said horses to be placed under
observation and that it be killed, suspecting that it was af-
fected with glanders, when as a matter of fact it was well and
sound, and he applied to the other, on the same suspicion,
although without any ground whatsoever, the Mallein test, in
consequence of which he died nine or ten days later, said veteri-
nary refusing to send a report of the two cases to the Gov-
ernor of this Island, so that the petitioner might be indemni-

fied for the loss of said animals, under the regulations promulgated by said Governor with the approval of the Executive Council in the exercise of the powers vested in him by section nine of the Act of March 14, 1907, to prevent the spread of contagious diseases among animals. The petitioner concluded with the prayer that an alternative writ of *mandamus* issue to Elias P. Fernández, and should he fail to show sufficient cause why a peremptory writ of *mandamus* may not issue, that such writ issue to compel the defendant to send to the Governor of Porto Rico a full report of the two cases mentioned in the petition, stating the reasons which led him to suppose that the two horses were affected with glanders and stating the value of the same, their age and physical condition, the court further directing that the defendant pay the petitioner the damages caused by his action, with the costs against him.

On the same date, February 10, the alternative writ of *mandamus* applied for was issued, directing the defendant to forward to the Governor of Porto Rico the report referred to in the application for the writ, or show cause why he had not complied with his duties; and the veterinary inspector, answered under oath, through the *fiscal* of the district of Ponce, that he had not killed nor ordered any horse belonging to the petitioner to be killed, because the horse referred to in the petition was killed by order of the Director of Health, and that he had been told that it belonged to Juan Torruella, with whom he had dealt in the matter and who had acted as the owner of said animal, he having delivered the other horse, not killed, to the said Juan Torruella, who received it as owner; that the first of said horses was not killed on account of suspicion of being affected with glanders, but because he really had glanders according to scientific test, and the other horse was delivered to the owner because it had not been proved that it was affected with glanders; that Mallein is the reactive agent prescribed by law to establish the existence of glanders, its use being obligatory in such a case, and that used by the

defendant is prepared and sent to him by the Board of Health; that only when an animal is ordered killed on suspicion of having glanders is the defendant obliged to forward to the Governor a report in the case; and that the petition does not lie, because there is another plain and speedy and adequate remedy which the plaintiff could and should have used, if he believed himself aggrieved, namely, the appeal authorized by section eight of the Act of March 14, 1907, invoked by the plaintiff.

The Ponce court rendered the following decision:

"In the District Court of Ponce, P. R., *Ex rel, Sergio Torruella* v. *Elias P. Fernández.—Mandamus.*—Decision. Application is made to the court for a writ of *mandamus* to compel the veterinary inspector of the southern district to transmit a report to the Governor of Porto Rico relating to the killing of a horse belonging to the petitioner and that it be stated in said report that said horse was killed on suspicion of having glanders. A horse having been killed and the question having been raised as to whether or not it was affected with glanders, the Governor should, without doubt, be informed of the matter. But the court refuses to order the inspector to make a report in a specific sense. And it also refuses to admit and hear any evidence whatsoever on the part of the plaintiff in support of his petition. Therefore, the petition in this case is held not to lie and is dismissed *co instanti;* as also all the evidence offered by the parties. Ponce, P. R., February 21, 1908.—Martin E. Gill, District Judge."

In accordance with this decision, judgment was pronounced and rendered on the same date, February 21, by which the judge denied the writ of *mandamus* applied for, dismissing the petition without further proceedings, and taxing the costs against the plaintiff. From this judgment Sergio Torruella took an appeal on the 25th of said month of February, which appeal is now pending the decision of this Supreme Court, after the filing of his brief by the appellant.

Upon examining the antecedents mentioned, we are of opinion that the District Court of Ponce proceeded in accordance with the law in rendering the judgment appealed from.

The fundamental allegation of the plaintiff consists in that one of the two horses was killed by order of the defendant without its being affected with glanders, and that the other horse died as a result of the application to it of the Mallein test, because it was suspected, without any reason whatsoever of being affected with glanders, while the defendant alleges that the first of said horses was killed by order of the Director of Health, not on suspicion of having glanders, but because it had glanders, according to a scientific test, and that the second horse was subjected to the only legal test prescribed by law to establish the presence of glanders, namely, the use of Mallein, which is forwarded in a prepared form by the Board of Health.

Let us examine the legal provisions which apply to the question at issue, which are sections eight and nine of the act to prevent the spread of contagious diseases among animals, approved March 14, 1907, which sections read as follows:

"Section 8.—The supervisor of health shall cause to be slaughtered all animals found to be suffering from infectious or contagious disease, or suspected of being so affected, when in his opinion it is necessary to have such animal slaughtered for the purpose of preventing the spread of the disease with which the animal is affected or suspected of being affected. No animal, however, shall be slaughtered because it is believed to be suffering from glanders or tuberculosis, or is suspected of being infected, until the Mallein test has been applied to determine the presence of glanders and the tuberculin test has been applied to determine the presence of tuberculosis and such disease is shown to be present, unless the symtoms of such diseases are plainly and visibly present.

"Provided, that in all cases where the slaughter of an animal shall have the right to appeal against such action to the Superior Board of Health whose decision shall be final. Such appeal to be effective shall be made within 24 hours after the owners or possessor of the animal has been notified of the decision of the supervisor of health to have the animal slaughtered.

"Section 9.—When the animal slaughtered was suffering from infectious or contagious disease no compensation shall be paid to the owner. Where the animal slaughtered, however, was only suspected

of being so affected, then compensation, to be fixed as hereinafter provided, shall be paid to the owner; provided it appears that the owner has not been negligent in respect to the care of such animals so as to prevent them from becoming infected with infectious or contagious disease. The compensation paid shall not exceed the market value of the animal and the exact amount of compensation shall be determined in accordance with the provisions of regulations which the Governor of Porto Rico, with the approval of the Executive Council, is hereby authorized to prepare and promulgate.''

The regulations referred to in the 9th section provide as follows:

''When the Supervisor of Health, or any official acting under him, should slaughter or cause to be slaughtered, any animal suspected of being affected with contagious disease, pursuant to the provisions of section nine of the act to prevent the spread of contagious diseases among animals approved March 14, 1907, said supervisor or official shall immediately forward a detailed report of the case to the Governor. Said report shall contain the reasons that induced him to suspect that animal was infected with contagious disease, the value of the animal, according to its owner or agent, its age and physical conditions, and his own opinion of the value of the animal slaughtered. Should the Governor be convinced that the price asked is reasonable, he shall pay the owner the compensation claimed. Should he believe that the price is excessive, he shall cause an investigation to be made in order to ascertain the real value of the animal. If the owner is not satisfied with the decision of the Governor, he may bring an action before the courts to recover the value of the animals slaughtered, but the Governor's decision shall be *prima facie* evidence of the value of said animal.''

Applying to this case the provisions of law and regulations transcribed, we are of the opinion that it is not proper in *mandamus* proceedings to discuss and ascertain by evidence whether the horse slaughtered on the ground that he was affected with glanders was really healthy, as alleged by the petitioner. The discussion and elucidation of such a point must take place before the Superior Board of Health upon an appeal taken within the legal term from the decision of the

Supervisor of Health ordering that such animal be killed. This appeal was not taken, and therefore the allegation of the defendant that one of the horses—that is to say, the one killed—was affected with glanders is a point not open to discussion, either in the lower or in this Supreme Court. Under the circumstances, the veterinary inspector of the southern district was not obliged to forward a report to the Governor with regard to the horse killed, as neither the law on the subject nor the regulations require him to do so.

With regard to the other horse to which, as alleged by the petitioner, the Mallein test was applied on suspicion of the defendant veterinary inspector that he was affected with glanders, having subsequently died in consequence of such test, we do not find that it was the duty of the defendant to submit to the Governor a detailed report of the case, as the question was not one of an animal slaughtered on suspicion of being infected with some contagious disease.

Nor can the provisions of section eight of the Act of March 14, 1907, cited be qualified as arbitrary, illegal and contrary to the provisions of sections five and 14 of the additions and amendments to the Constitution of the United States, inasmuch as it fixed the period of 24 hours in which to appeal from a decision of the Supervisor of Health ordering the slaughter of an animal suffering from infectious or contagious disease, or suspected of being so affected, as urged by the appellant, on the ground that said term being so short it could be availed of only by the wealthy, through the use of the telegraph, and not by the poor, who thereby would be deprived of equal protection under the laws and would be deprived of their property without being heard.

This allegation cannot be maintained, because apart from the fact that the appeal referred to is not a constitutional right, nor does the inability to exercise it therefore violate the Constitution of the United States; section 8 of the Act of March 14, 1907, grants such appeal to all without exception,

to the rich as well as to the poor, and furthermore the latter is in a position to avail himself thereof, because although the Superior Board of Health is located in San Juan, it is not necessary to appear before it to take the appeal, it being sufficient to present or deliver the same within the 24 hours to the official who served notice of the decision of the supervisor of health ordering the animal to be killed, which official will take the proper action.

Nor is the owner of the animal ordered killed deprived of his property without due process of law. The law on the subject and the regulations which form part thereof prescribe the formalities to be observed and allow an indemnity where an animal is killed on suspicion of being infected with a contagious disease, and denies it when such disease really exists, because in such case The People of Porto Rico cannot be held responsible for the damage caused.

For the reasons stated, we believe that the judgment appealed from should be affirmed, with the costs of the appeal also against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.